[No. 17242.    Department Two.    July 13, 1922.]

J. MOORE, *Respondent,* v. MARINE FIREMEN, OILERS AND WATERTENDERS' UNION OF THE PACIFIC, *Appellant.*[1]

TRADE UNIONS—EMPLOYEES—APPOINTMENT—MEETINGS OF UNION— BY-LAWS. A chairman of a lock-out committee of a labor union, chosen at a special meeting, is not entitled to compensation, where the constitution provided the time for regular meetings and that no monetary matter could be acted upon at a special meeting, and the by-laws provided for compensation of members appointed at a regular meeting.

[1]Reported in 207 Pac. 1055.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered December 6, 1921, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Reversed.

*Paul A. McCarthy* and *Peters & Powell,* for appellant.

*Mark M. Litchman,* for respondent.

Holcomb, J.—Appellant is a labor union, and is also a corporation organized under the laws of the state of California, having its principal office and headquarters in San Francisco, and branch offices in charge of agents in other Pacific Coast ports, including Seattle. The object of the corporation, among other things, is to maintain good working conditions for its members, as stated in the preamble to its constitution.

On and prior to May 6, 1921, one J. Carney was the agent in charge of the branch of the union in Seattle. On May 6, 1921, a lockout had occurred in Seattle, at which time the agent of the union in Seattle was absent. The lockout involved three unions, appellant union, the Sailors'. Union, and the Marine Cooks & Stewards' Union. A meeting was thereupon held at the sailors' hall in Seattle, and not at the hall of appellant union, which was apparently a voluntary meeting held by common consent and not called by any officer or agent of the union, or after notice. The members of the several unions were appointed by the meeting as committees to organize the men for picket duty in resisting the lockout. The committee for appellant union was composed of respondent and four or five others. They performed services as committeemen until May 26, when another meeting was informal-

ly held, at which the same persons were elected to act as a lockout committee for the appellant union, and respondent was made chairman. The meeting of May 26 seems to have been held for the purpose of determining a controversy as to strike benefits in lieu of board at a restaurant, and to settle differences between the local members of the union and the local agent, Carney.

Respondent, a member of the union and a member of the lockout committee, brought this case to recover compensation for services as a member and chairman of the lockout committee during the period of the lockout. which lasted from May 6, to July 28, 1921. He based his action upon a by-law of the union reading as follows:

"Section 16. Any member appointed at a regular meeting, on any committee, to transact any necessary business, or perform any work for this Union, shall, if such business or work requires attendance during working hours, be paid for his services. Such pay shall not exceed five dollars ($5) per day."

The constitution of the union contains the following provision:

"Article II.

"Section A. This Union shall be composed of one headquarters and branches to be established along the Coast from time to time as the necessity for such branches arises.

"Section C. San Francisco shall be the headquarters of this Union and its branches.

"Section B. Each branch shall bear the name of its respective locality."

Regular meetings are provided for by the constitution, as follows:

"Article X.

"Section A. The regular meetings of this Union shall be held on Tuesday of each week, commencing at

7 P. M. . . . . . Fifteen members in good standing shall form a quorum to transact any and all business.

"Section B. Special meetings may be called by the financial secretary or by a written request signed by twenty-five members in good standing, and presented to the President, or, in his absence, to the Vice-President or Financial Secretary, stating the cause of such urgency.

"No other business than that for which it may have been called shall be transacted at a special meeting.

"Twenty-five members shall constitute a quorum. . .

"Section C. In no case can any monetary matter be acted upon at a special meeting."

The trial court found that the plaintiff was appointed or employed at a regular meeting of the union, and that, under the provision of the by-law upon which his action was based, he was entitled to compensation at the rate of not to exceed five dollars per day, and that he worked twelve weeks, or eighty-four days, making a total of $420 from which should be deducted, and was deducted, the sum of $50 which had been paid to respondent for strike benefits.

The trial court was in error. No regular meeting of the union was held, or could be held in Seattle, under the constitution of the union. No regular meeting could be held at any place except at San Francisco, the corporate headquarters and place of business of the union, nor could any special meeting such as might have been held in Seattle on May 26, although it was called in accordance with the constitution of the union, pass upon any monetary matter. But the special meeting was not such special meeting as was contemplated by the constitution of the union, but was merely a voluntary mass meeting.

This union is not only a labor union, but is a cor-

poration. Its constitution and by-laws constitute the law for it, by which respondent must abide.

Respondent had no right to recover, and the judgment is reversed.

PARKER, C. J., MAIN, MACKINTOSH, and HOVEY, JJ., concur.